IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA SCHULTZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 1:17-cv-632 |
| BLINCOE ENTERPRISES, INC., and, ROBERT M. BLINCOE, II, | § § § § | A Jury is Demanded |
| Defendants. | § § | |

# COMPLAINT

Plaintiff, LAURA SCHULTZ, by and through her undersigned counsel, hereby brings this action against Defendants, BLINCOE ENTERPRISES, INC. and ROBERT M. BLINCOE, II (hereinafter sometimes referred to collectively as "Defendants"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III)("FLSA").

## PARTIES

1. Plaintiff, LAURA SCHULTZ, was an "employee" of Defendants, as that term is defined by the FLSA. During her employment with the Defendants, the Plaintiff was individually and directly engaged in interstate commerce by using the instrumentalities thereof (interstate mail; telephone calls; facsimiles; and, the internet), and her work was essential to Defendant's business.

1

2. Plaintiff resides in Round Rock, Texas.

3. Defendant, BLINCOE ENTERPRISES, INC., is a for-profit corporation formed and existing under the laws of the State of Texas and which maintains and operates a business in Round Rock, Texas, and is subject to the provisions of the FLSA, because it at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s).

4. Defendant, ROBERT M. BLINCOE, II is the Vice President of Defendant, BLINCOE ENTERPRISES, INC., and operates it on a day-to-day basis, acting directly on behalf BLINCOE ENTERPRISES, INC. as employers under 29 U.S.C. § 203(d), and are therefore is jointly and severally liable as such for the claims described in this Complaint.

5. Defendant, ROBERT M. BLINCOE, II, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, BLINCOE ENTERPRISES, INC., in relationship to Plaintiff; therefore, Defendants are joint employers as defined by 29 U.S.C. § 203(d).

6. Defendant, ROBERT M. BLINCOE, II, (1) possessed the power to hire and fire the Plaintiff, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, he is a statutory employer

under the FLSA.

7. At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant, BLINCOE ENTERPRISES, INC., was an enterprise engaged in interstate commerce, transporting materials through commerce, and conducting transactions through commerce, including the use of phones and/or cell phones, electronic mail, and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce through her use of materials purchased in interstate commerce, and through her use of the instrumentalities of interstate commerce, e.g., mails, facsimile, cellular telephone, internet and emails as part of her regular and recurring job duties.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

**COUNT I**

## UNPAID OVERTIME WAGES

10. This is an individual action to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

11. From July 15, 2016, through March 20, 2017, Defendants employed Plaintiff as an "Administrative Assistant" at the regular rate of $15.50 per hour. Plaintiff's duties were to answer phones, and perform other administrative tasks. Plaintiff was paid overtime during this period of her employment with Defendants and regularly worked 47-48 hours per workweek.

12. From March 10, 2017, through April 17, 2017, Defendants employed Plaintiff as an "Administrative Assistant" at the annual salary of $35,000.00. Plaintiff's duties did not change and she continued performing non-exempt work. Plaintiff was not paid overtime during this period of her employment with Defendants and regularly worked 47-48 hours per workweek.

13. Defendant, ROBERT M. BLINCOE, II, was the Vice President for the Defendant, BLINCOE ENTERPRISES, INC., and was responsible for hiring the Plaintiff, setting her rate of pay, controlling the terms and conditions of Plaintiff's employment and was responsible for maintaining accurate pay and time records.

14. Defendant, ROBERT M. BLINCOE, II, at all times material hereto, maintained control of the assignment of various duties to the Plaintiff.

15. During some or all of the workweeks of Plaintiff's tenure with Defendants, Plaintiff worked in excess of 40 hours per week.

16. During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.

17. The Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

18. At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work. Defendants approved Plaintiff's work and hours. Plaintiff's work benefitted Defendants.

19. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

20. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

21. Plaintiff does not generally have access to Defendants' records and will provide additional detail after Defendants have provided records or initial disclosures have been made, if necessary.

22. Plaintiff incorporates all averments of fact into this Cause of Action for violation of the FLSA overtime provision.

23. During one or more workweeks of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours.

24. The Defendants are obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

25. Defendants did not pay Plaintiff the overtime rate for hours worked over forty (40).

26. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

27. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

28. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

29. Plaintiff has retained the law firm of Ross Law, P.C. to represent her in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including

Plaintiff. To avoid tortious interference with Plaintiff's obligations to their attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff, LAURA SCHULTZ, prays that the Court assume jurisdiction of this cause and that Defendants be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendants, jointly and severally, for all unpaid overtime wages found to be due and owing;

2. Judgment against Defendants, jointly and severally, that their violations of the FLSA were willful;

3. Judgment against Defendants, jointly and severally, for an amount equal to Plaintiff's unpaid overtime at the proper rate;

4. Judgment against Defendants, jointly and severally, for an amount equal to the unpaid overtime compensation as liquidated damages;

5. If liquidated damages are not awarded, an award of pre-judgment interest;

6. Post-judgment interest at the applicable rate;

7. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

8. Leave to amend to add claims under applicable state laws, if necessary; and,

9. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

## COUNT II
## RETALIATION UNDER THE FLSA

30. This is an action for retaliation in violation of the Fair Labor Standards Act of 1938, as amended, 20 U.S.C. § 201, *et seq*.

31. Plaintiff incorporates herein paragraphs 1-9, 11-12, and 26-28.

32. On or about April 14, 2017, Plaintiff made a formal complaint to her supervisor, ROBERT M. BLINCOE, II, regarding the Defendants' failure to pay her vertime in accordance with the FLSA.

33. On April 17, 2017, shortly after Plaintiff made her formal complaint alleged in the previous paragraph, Defendants terminated Plaintiff's employment.

34. The reasons provided by the Defendants for terminating the Plaintiff's employment are false and are a pretext for the real reason Plaintiff was terminated—formally complaining about not Defendants' failure to pay her overtime in accordance with the FLSA.

35. As a direct and proximate result of Defendants' illegal actions, Plaintiff has been damaged.

36. As a result of Defendants' unlawful conduct, Plaintiff is entitled to reinstatement (or front-pay if reinstatement is not feasible), liquidated damages and attorney's fees and costs pursuant to 29 U. S. C. § 216(b).

### PRAYER FOR RELIEF

Plaintiff, LAURA SCHULTZ, prays that the Court assume jurisdiction of this cause and that Defendants be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendants, jointly and severally, for all economic and compensatory damages found to be due and owing, including reinstatement, if feasible;

2. Judgment against Defendants, jointly and severally, that their violation of the FLSA were willful;

3. Judgment against Defendants, jointly and severally, for an amount equal to the compensatory and economic damages found to be due and owing as liquidated damages;

4. If liquidated damages are not awarded, an award of pre-judgment interest;

5. Post-judgment interest at the applicable rate;

6. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

7. Leave to amend to add claims under applicable state laws, if necessary; and,

8. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

## JURY DEMAND

Plaintiff, LAURA SCHULTZ, hereby demands a trial by jury on all claims she has asserted in this Complaint.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph: 800-634-8042
Ph: 512-474-7677
Fax: 512-474-5306
tpadgett@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**